**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-31146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY BOOTY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CR-182-6

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Terry Booty was convicted of conspiracy to distribute and possess with the

intent to distribute 500 grams or more of a mixture or substance containing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

detectable amount of methamphetamine. He appeals the denial of his motion for new trial and acquittal. We find no error and affirm.

## I.

During a 2006 investigation, Drug Enforcement Administration agents discovered Booty's methamphetamine drug trafficking activities. Trial evidence showed that Booty first participated in and eventually controlled an operation that imported methamphetamine from California into Louisiana. During the operation, he worked in concert with others to conceal and transport approximately two pounds of methamphetamine each trip; in all, he transported nearly ninety-two pounds. Law enforcement officials seized four ounces of the re-sold methamphetamine and presented it to the jury, which found Booty guilty as charged.

## II.

Booty unsuccessfully moved for new trial and acquittal. On appeal, he challenges only the sufficiency of the evidence to convict.

## III.

When reviewing a challenge to the sufficiency of the evidence, this court "must determine whether a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) (citations omitted). Further, we

> must also view all evidence and any inferences that may be drawn from it in the light most favorable to the government . . . . It is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses. . . . This narrow standard of review for sufficiency of the evidence challenges gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Id.* (citations and internal quotation marks omitted). We draw all reasonable inferences in support of the jury verdict. *Id.*

Booty argues that the four ounces of methamphetamine introduced at trial is the only amount the jury could have reasonably attributed to his activities. The government, however, presented undisputed testimony that Booty personally participated in a series of drug transactions, all of which individually involved more than 500 grams of methamphetamine. Two witnesses testified that they acted as couriers for Booty's trafficking activities. Another offered detailed testimony identifying himself as Booty's supplier for two years. Finally, three witnesses testified that Booty was their source of multi-pound quantities of methamphetamine.

Booty also contends that the testimony of co-conspirators is "inherently suspect" and that "a rational trier of fact would not have given credit to their testimony." But, "[a]s long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict." *United States v. Medina*, 161 F.3d 867, 872-73 (5th Cir. 1998) (citations and internal quotation marks omitted). The seizure of four ounces of methamphetamine lends an additional basis for the jury to credit the testimony and reach a guilty verdict as to the larger quantity alleged. Viewed in the light most favorable to the government, the evidence was sufficient to permit a rational trier of fact to find Booty guilty beyond a reasonable doubt.

AFFIRMED.